# United States Court of Appeals
## For the First Circuit

---

No. 25-1173

JOHN KENNEY,

Plaintiff, Appellant,

v.

RHODE ISLAND CANNABIS CONTROL COMMISSION; and KIMBERLY AHERN, in the official capacity,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Melissa R. DuBose, U.S. District Judge]

---

Before

Gelpí, Lynch, and Howard,
Circuit Judges.

---

Aaron L. Weisman and Pannone Lopes Devereaux & O'Gara LLC on brief for appellant.

Chelsea Baittinger, Special Assistant Attorney General, Rhode Island, and Peter F. Neronha, Rhode Island Attorney General, on brief for appellees.

---

November 25, 2025

---

**LYNCH**, **Circuit Judge**. This appeal is a companion case to Jensen v. Rhode Island Cannabis Control Commission (No. 25-1132). It involves a challenge to the district court's dismissal on ripeness grounds of Kenney's dormant Commerce Clause challenges to the Rhode Island Cannabis Act ("Act"), R.I. Gen. Laws § 21-28.11-1, et seq. We refer the reader to our opinion in Jensen issued on this date. We reverse the district court's dismissal order and remand for the reasons given in Jensen.

John Kenney, a Florida resident, states that he seeks a Rhode Island retail cannabis license as a social equity applicant. His complaint alleges that he is a "social equity recipient under District of Columbia law," which we take to mean the recipient of a social equity cannabis license in the District of Columbia, and that he would otherwise qualify under the Act as a social equity applicant because he has convictions for nonviolent marijuana offenses in Maryland and Nevada. Kenney challenges two provisions of the Act: (1) the Act's requirement that all applicants for licenses must be Rhode Island residents or business entities with a principal place of business in Rhode Island and in which at least fifty-one percent of equity is held by Rhode Island residents, id. § 21-28.11-3(3), and (2) the Act's definition of a "social equity applicant," which allows an applicant to qualify by virtue of a past conviction "for any offense that is eligible for expungement under this chapter," id. § 21-28.11-3(39)(ii). As in the Jensen

- 2 -

case, Kenney challenges these provisions under the dormant Commerce Clause, but unlike in Jensen, he does not bring an equal protection challenge. Kenney claims that the Act bars him from qualifying as a social equity applicant, despite his past nonviolent marijuana convictions, because the Act "contemplates Rhode Island nonviolent marijuana offenses only." Kenney sought a declaratory judgment that these two provisions violate the dormant Commerce Clause, and brought his suit against the Rhode Island Cannabis Control Commission ("Commission"), the body created by the Act to, inter alia, oversee the licensing of retail cannabis businesses, id. § 21-28.11-4(a), and Kimberly Ahern, the Commission's director.

Kenney filed his initial complaint on June 26, 2024, and he filed an amended complaint on September 25, 2024. Defendants moved to dismiss the case for failure to state a claim and for lack of subject matter jurisdiction on November 8, 2024, which plaintiff opposed. On February 6, 2025, the district court entered a brief text order dismissing the case on ripeness grounds, holding that the "Commission ha[d] yet to promulgate [final] rules and regulations pertaining to retail cannabis business licenses" and that it "cannot and will not speculate as to when" that would occur. The three sentences of reasoning in the district court's order are identical to the district court's dismissal order in the companion case, Jensen, and the orders were entered on the same

- 3 -

day.   The district court entered judgment dismissing the action without prejudice, and Kenney timely appealed the judgment.

On April 11, 2025, the Commission issued final rules and regulations for retail cannabis business licenses to become effective on May 1, 2025.  In light of that change, in this appeal Kenney asked that the case be remanded to the district court.  This court denied the motion without prejudice and referred the question for reconsideration to the merits panel.  As the merits panel, we now hold the district court erroneously dismissed this case on ripeness grounds, that these claims are not moot, and that the plaintiff Kenney has standing.

We **reverse and remand** for prompt consideration and resolution of the merits of plaintiff's claims of unconstitutionality of the Act and his claim for declaratory judgment.  We instruct the district court to issue its rulings at least forty-five days before the date on which the Commission intends to issue retail licenses pursuant to the Act.

So ordered.

- 4 -